UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | | |
|---|---|---|---|
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:01-CR-172 |
| | ) | | 3:02-CR-55 |
| VINCENT EUGENE BROWN, | ) | | (VARLAN/SHIRLEY) |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 28 in case number 3:01-CR-172; Doc. 14 in case number 3:02-CR-55], in which defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2), which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since defendant was initially sentenced. The government has responded [Doc. 29 in case number 3:01-CR-172; Doc. 15 in case number 3:02-CR-55] stating that it defers to the Court's discretionary consideration of defendant's motion. Thus, the matter is now ripe for determination.

**I.    Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses, including cocaine power offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive, effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the § 3553 factors, if the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement addresses the Court's discretion in reducing a defendant's sentence:

> (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

> (B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
>
> (C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the § 3553 factors and the danger to the public created by any reduction in defendant's sentence, and a court may consider defendant's post-sentencing conduct. *Id.* at cmt. n.1(B).

**II.    Analysis**

Defendant pleaded guilty to and was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and conspiracy to distribute and possess with intent to distribute over 50 grams of cocaine base in violation of 21 U.S.C. §§ 841, 846. His sentence was based on the cocaine base guidelines in effect prior to November 1, 2007, and thus is affected by Amendment 706 to the Sentencing Guidelines. Accordingly, the Court may reduce defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statement.

The parties stipulated that the defendant was responsible for at least 500 grams but not more than 1.5 kilograms of cocaine base, resulting in a base offense level of 36 according to the guidelines in effect at the original sentencing. Defendant's offense level was reduced by

3

three levels for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a), (b) and enhanced by two levels for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b), resulting in a total offense level of 35. Defendant's criminal history category is IV. Accordingly, defendant faced a sentencing guideline range of 235 to 293 months and a statutory minimum sentence of 10 years. The Court granted the government's motion for a downward departure based upon the defendant's substantial assistance and sentenced the defendant to a term of 118 months' imprisonment. This represents a 50% reduction from the low end of the guideline range.

After the amendment to the sentencing guidelines, defendant's base offense level for offenses involving at least 500 grams but not more than 1.5 kilograms of cocaine base is 34. Applying the same three level reduction and two level enhancement, defendant's amended guideline range is 188 to 235 months. Because defendant's original sentence as amended was less than the term of imprisonment provided by the advisory guideline range applicable at the time of sentencing, the Court may impose a sentence with a comparable reduction from the amended guideline range. *See* U.S.S.G. § 1B1.10 (b)(2)(B). Application of the same percentage reduction from the amended guideline range would result in a sentence of 94 months.

In regard to the § 3553 factors, the Court considers the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from

4

further crimes of the defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment; the kinds of sentences available and the sentencing range; the need to avoid unwarranted disparities; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a). Amendment 706 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities between offenses for cocaine bases and cocaine powder.

The Court considered the § 3553 factors previously at defendant's sentencing and ultimately determined that a 50% reduction from the low end of the guideline range was appropriate. Accordingly, the Court will now place particular emphasis on new information before the Court relevant to the § 3553 factors in determining whether a comparable reduction is appropriate. Records from the Bureau of Prisons indicate that the defendant has had no incident reports since beginning his term of imprisonment. The defendant took the following educational courses while in custody: Introduction to RPP, Annual Health Fair, Step Aerobics, and Abdominal Training.

The Court also considers the danger to the public as the result of any reduction in defendant's sentence. At the time of the original sentencing, defendant had four previous convictions for assault and three convictions of robbery. Defendant also had two pending aggravated assault charges to which defendant has pleaded guilty on June 10, 2004. Defendant was sentenced to six years' imprisonment for these convictions, three of which were ordered to run consecutive with the sentence he received for his federal convictions. While defendant's conduct related to the other convictions occurred in 1990, 1991, and 1994,

5

the conduct related to the aggravated assault charges occurred in 2000. This conduct involved the shooting of two men with an AK47. Though these prior convictions for violent felonies present a risk of danger to the community, this risk was considered at the defendant's original sentencing.

The Court has considered the § 3553 factors, taking into account defendant's post-sentencing conduct, and the danger to the public created by any reduction in defendant's sentence, and finds that a reduction in defendant's sentence is appropriate. The Court is particularly influenced by the need to avoid unwarranted sentence disparities, the problem Amendment 706 is designed to address. Because the Court does not have any new information regarding defendant's conduct that causes it to reach a different conclusion under the § 3553 factors, the Court will reduce defendant's sentence to 94 months, which reflects a 50% reduction from the amended guideline range, or time served, whichever is greater.

### III. Conclusion

Accordingly, defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 28 in case number 3:01-CR-172; Doc. 14 in case number 3:02-CR-55] is hereby **GRANTED** and defendant's sentence is hereby reduced to 94 months or time served, whichever is greater. This Order shall take effect ten (10) days from entry in order to give the Bureau of Prisons time to process the release of the

defendant. Except as provided above, all provisions of the judgments dated February 19, 2004 shall remain in effect.

    IT IS SO ORDERED.

                                          s/ Thomas A. Varlan
                                          UNITED STATES DISTRICT JUDGE